# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NANIKA WILKERSON, individually and on behalf of all others similarly situated,** | **CASE NO.:** |
| Plaintiff, | **JUDGE** |
| v. | **MAGISTRATE** |
| **AMERICAN FAMILY INSURANCE COMPANY, a foreign corporation,** | **CLASS ACTION COMPLAINT** |
| Defendant. | **(JURY TRIAL DEMANDED)** |

## CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff, Nanika Wilkerson ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against American Family Insurance Company ("American Family"), and in support thereof states:

## NATURE OF THE ACTION

1. This is a Class Action lawsuit by an Ohio resident, Ms. Wilkerson, pursuant to an automobile insurance policy[1] (the "Policy") issued to cover private passenger automobiles after Plaintiff made a covered claim for physical damage to her vehicle. Plaintiff made a covered claim for physical damage. Defendant breached its policy by failing to pay the full sales tax, title transfer fees, and registration fees due under the policy.

---

1. A true and correct copy of Plaintiff's Insurance Policy is attached hereto as "Exhibit A".

1

2. Plaintiff files this lawsuit on behalf of all persons insured under an American Family insurance policy who suffered a total-loss covered claim and were not paid the full sales tax, title-transfer fees, and registration fees due under their policy.

3. In the Policy, Defendant's standardized policy language promises, upon the total loss of an insured vehicle, to provide payment of the actual cash value ("ACV") of the insured vehicle to the insured.

4. Defendant's standardized policy language as to coverage for ACV of total loss vehicles is present in every auto policy issued by Defendant in Ohio during the relevant time period.

5. Sales tax, title fees, and registration fees are a part of the ACV of every vehicle insured by American Family in Ohio, including for Plaintiff's total loss vehicles, and are necessary to replace a vehicle in the State of Ohio. State law imposes a mandatory state sales tax of 5.75% (plus additional local sales tax), minimum title transfer fees of $15.00, and minimum registration fees of $4.50 on each vehicle purchase or transfer of title and registration.

6. The Policy does not include any term, condition, or other requirement on insureds necessary for entitlement to the full payment of ACV. Instead, the Policy provides that it will pay a certain value—ACV—to the named insured.

7. This lawsuit is brought by the Plaintiff, individually and on behalf of all other similarly situated insureds, who suffered damages due to Defendant's practice of refusing to make proper ACV payments to first-party total loss claimants under insurance policies containing comprehensive and collision coverages. Specifically, as a matter of policy, Defendant fails to include state and local title transfer and vehicle registration fees ("Transfer Fees") and Sales Tax in its calculation of ACV when making total loss payments to its insureds.

8. Defendant's failure to pay the ACV of total-loss vehicles, including Sales Tax and Transfer Fees, constitutes a material breach of contract as to Plaintiff and every member of the putative Class.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) Plaintiff is a member of the putative classes, which consists of at least 100 members; (b) Plaintiff and Defendant are citizens of different states; (c) the amount-in-controversy exceeds $5 million exclusive of interest and costs; and (d) none of the exceptions under § 1332 apply.

10. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and American Family is subject to personal jurisdiction in this district. The breach at issue occurred in Lorain County, Ohio.

## THE PARTIES

11. At all material times hereto, Plaintiff was a resident of the State of Ohio, and domiciled in Lorain County, Ohio.

12. At all times material hereto, American Family is and was a corporation domiciled in the State of Wisconsin and authorized by the Ohio Department of Insurance to transact insurance in the State of Ohio.

## FACTUAL ALLEGATIONS

### A. Defendant's Policy and Processes

13. Plaintiff entered the Policy agreement to be insured by American Family, the "Policy." *See* Exhibit A.

14. Pursuant to the Policy, Defendant promises to pay for loss of or damage to **an insured vehicle for comprehensive and collision coverage.** " Ex. A at 7.

15. Under Comprehensive Coverage the Defendant "will pay for **loss** not caused by collision" while under Collision Coverage the Defendant "will pay for **loss** due to collision of **your insured car** with another object or upset of **your insured car**." *Id.* The definition of "your insured car" includes "any vehicle shown in the Declarations." *Id.* at 3.

16. The Policy defines loss as "direct and accidental loss of or damage to" the insured vehicle. *Id*. at 6.

17. The Policy promises to pay for loss by repairing or replacing the vehicle or paying the equivalent in money. *Id*. at 7.

18. However, the amount of loss, determined as the amount sufficient to repair or replace the vehicle (or the money equivalent) is not limitless. Instead, the Policy includes limitations on liability.

19. The Policy permits Defendant to base the cost to repair or replace the property on competitive rates based on prevailing prices charged by a statistically significant number of repair facilities. *Id*. at 7. Further, the Policy asserts that betterment will be deducted from the cost to repair or replace. *Id*.

20. The Policy also limits Defendant's liability to the ACV of the insured vehicle if it is less than the cost to repair. *Id*. ACV includes an adjustment for depreciation and physical condition. *Id*.

21. ACV is not specifically defined in the Policy.

22. Thus, while Defendant promises to pay for loss measured as the cost to repair, Defendant's obligation to pay for loss is limited to the ACV of the insured vehicle.

23. A total-loss occurs where Defendant determines that the cost to repair or replace damage to the vehicle, plus salvage value, exceeds the ACV of the damaged vehicle prior to the loss. In that case, Defendant's liability is capped at the ACV of the vehicle.

24. Thus, as with virtually all policies and insurers, the cost to repair or replace applies to partial losses (i.e. where the vehicle is subject to restoration), while ACV applies to total-losses, precisely because a total-loss, by its very nature, occurs where the ACV is less than the cost to repair or replace the damage.

25. Defendant's standardized policy language with respect to ACV coverage for total loss vehicles exists in every automobile policy issued by Defendant in Ohio during the relevant time period.

26. The Policy language applies to all covered vehicles irrespective or ownership interest—whether owned, financed, or leased.

27. The Policy language does not include: (1) any provision excluding Sales Tax or Transfer Fees from the cost to repair or replace damaged property or from ACV; (2) any provision deferring payment of Sales Tax or Transfer Fees for any purpose whatsoever; (3) any provision requiring an insured to obtain a replacement vehicle before receiving payment; (4) any provision requiring the insured to first obtain a replacement vehicle as a condition precedent to receiving Sales Tax or Transfer Fees; or (5) any provision linking the amount of Sales Tax to a particular replacement vehicle and the corresponding state or local regulatory sales tax and/or fees on said replacement vehicle.

28. Under Defendant's Policy, the ACV of an insured vehicle includes costs necessary to replace the vehicle, adjusted for depreciation and physical condition of the vehicle.

29. In exchange for the premiums paid by the insureds, Defendant promises through its Policy to pay a predictable amount—the actual cash value of the insured vehicle.

### B. Plaintiff's Total-Loss Claim

30. At all times material hereto, Plaintiff owned a 2010 Chevrolet Impala, VIN No. 2G1WA5EK6A1102724 (hereinafter, the "Insured Vehicle").

31. On or about April 21, 2016, Plaintiff was involved in an automobile accident while operating the Insured Vehicle. As a result of the accident, Plaintiff filed a claim for property damage with Defendant, Claim No. 00-645-147647 (the "Claim").

32. Following the filing of the Claim, American Family determined that the Insured Vehicle was a total loss and that the claim was a covered claim. In so doing, Defendant determined that the cost to repair or replace the damage to the vehicle exceeded the vehicle's ACV.

33. Plaintiff does not contest Defendant's determination that the amount of loss exceeded the vehicle's ACV, nor that the relevant limitation on Defendant's liability for the loss is the vehicle's ACV. Plaintiff stipulates that Defendant is not liable to pay the full amount of loss, but rather is only liable to pay the ACV of the Insured Vehicle.

34. Subsequently, a third-party vendor, AudaExplore North America, Inc. (hereinafter "AudaExplore") determined the underlying valuation of the Insured Vehicle as $9,979.00. A true and correct copy of the AudaExplore Market Value Report is attached hereto as "Exhibit B".

35. No amounts for Sales Tax or Transfer Fees were included in the valuation listed in the AudaExplore Market Value Report. *See* Ex. B at 4. In fact, the AudaExplore Market Value Report explicitly states "[e]xicse, use, registration, licensing and other taxes and fees that may be applicable are not included." Ex. B. at 12.

36. Defendant then determined the total payable loss amount owed to Plaintiff was $9,479.00. Defendant arrived at this amount by utilizing the AudaExplore valuation of $9,979.00 and then subtracting the deductible of $500.00 for a final payment of $9,479.00. A true and correct copy of American Family's Settlement Breakdown is attached hereto as "Exhibit C".

37. Defendant's payment of $9,479.00 did not include Sales Tax or Transfer Fees.

38. The ACV Sales Tax on Plaintiff's claim is approximately $673.58 because the applicable sales tax was in Lorain County is 6.75% (5.75% state sales tax plus 1.00% local sales tax), and the underlying value of Plaintiff's vehicle, according to Defendant, was $9,979.00. The title fees mandated by Ohio law on Plaintiff's claim were $15.00. The registration fees mandated by Ohio law on Plaintiff's claim were $4.50.

39. Plaintiff does not challenge Defendant's determination that the underlying value of the vehicle was $9,979.00, but rather accepts Defendant's appraisal of the underlying value of the vehicle.

40. Plaintiff does not contest the amount of loss, which Defendant determined to be higher than the ACV less salvage value, a determination with which Plaintiff agrees. Plaintiff's allegations do not concern the appraised underlying value of the vehicle, which Defendant determined to be $9,979.00, a determination with which Plaintiff agrees.

41. Because Plaintiff and Defendant agree that the amount of loss exceeded the Insured Vehicle's ACV (thereby capping Defendant's liability at the ACV) and because Plaintiff and Defendant agree that underlying value of the vehicle of the vehicle is $9,979.00, the amount of sales tax at issue ($673.58) is set by Ohio law and is not subject to appraisal. No appraiser can change the sales tax rate nor determine that sales tax is not imposed on vehicle transactions.

7

42. Because the fee amounts for Transfer Fees ($15.00 and $4.50) are set by Ohio law, they are also not subject to appraisal. No appraiser can change the fee amounts set by Ohio law nor determine that vehicles are not required to be legally titled and registered.

43. Plaintiff's dispute concerns merely whether Defendant's Policy, including the term ACV, is properly interpreted to encompass Sales Tax and Transfer Fees.

44. American Family's failure to include mandatory state and local sales tax, title fees, and registration fees in making the ACV payment constitutes a material breach of the Policy.

45. American Family, as a matter of uniform procedure, does not include Sales Tax and Transfer Fees in making total-loss payment notwithstanding its contractual obligation to do so. American Family's failure to include Sales Tax and Transfer Fees in ACV payments constitutes a breach of contract with Plaintiff and every member of the Class.

### C. Ohio's Applicable Taxes and Fees

46. Throughout the class period, the State of Ohio imposed sales taxes on every relevant private passenger vehicle transaction. These sales taxes are mandatory and apply to the replacement of all total loss vehicles in Ohio. Ohio Stat. § 5739.02(A) (2019). None of the exceptions in Ohio Stat. § 5739.02(B) (2019) apply to the sale or lease of private passenger motor vehicles.

47. Throughout the class period, the State of Ohio prohibited the buying or selling of a motor vehicle unless the certificate of title under the name of the buyer is provided. Ohio Stat. § 4503.03 (2019). The state of Ohio also prescribes the method and form for applying for transfer of certificate of title into the name of the buyer. Ohio Stat. § 4503.12 (2019). Finally, the state of Ohio imposes a flat (minimum) fee on such transfers of certificate of title. Ohio Stat. § 4503.09 (2019). These title transfer fees are mandatory and apply to the replacement of all total loss

vehicles in Ohio. The (minimum) title transfer fee at the time of loss on Plaintiffs' replacement vehicles was $15.00. *Id.*

48. Throughout the class period, the state of Ohio has required and does require that every vehicle be legally and properly registered in order to be used or operated on highways and roadways in the state. Ohio Stat. § 4503.10 (2019). The state of Ohio provides the authority to set the fee amount for transfer of registration to the state Registrar. Ohio Stat. § 4503.038 (2019). These registration fees are mandatory and apply to the replacement of all total loss vehicles in Ohio. The tag transfer fee at the time of loss on Plaintiffs' replacement vehicle was $4.50.

49. Ohio law is clear that unless otherwise defined by a Policy, ACV is reasonably interpreted to mean or include "replacement costs" accounting for depreciation and property condition.

50. Moreover, ACV is understood by all jurisdictions and treatises, including Ohio, as providing "pure indemnity," meaning to place an insured in his or her pre-loss position, which would necessarily include costs necessary to achieve the pre-loss position.

51. Defendant's Policy promises to indemnify the insured by paying the ACV of the vehicle in the event of a total-loss, which includes necessary "replacement costs," while accounting for depreciation and vehicle condition prior to the loss.

52. Nevertheless, Defendant, as a matter of uniform business practice, fails to include Sales Tax and Transfer Fees in making ACV payment to all of its insureds, including Plaintiff and the members of the Class.

## **CLASS ALLEGATIONS**

53. Plaintiff brings this action seeking representation of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

54. Plaintiff asserts claims for breach of contract on behalf of a class (hereafter the "Class") defined as follows:

> All insureds under any Ohio policy issued by American Family Insurance Company covering a vehicle with private-passenger automobile physical damage coverage for comprehensive or collision loss who made a first-party claim for property damage to the vehicle determined to be a total loss and where the total-loss claim payment did not include Sales Tax and/or Title Transfer Fees and/or Tag Transfer Fees within the eight year time period prior to

10

the date on which this lawsuit was filed until the date of any certification order.

55. Excluded from the Class are all officers and employees of American Family and its affiliates, parents, and subsidiaries; all persons who make a timely election to be excluded from the Class; government entities; and the judges to whom this case is assigned and their immediate family and court staff.

56. The members of the Class are ascertainable and readily identifiable, including from information and records in American Family's custody, possession, or control. The class is defined in reference to objective criteria.

57. **Numerosity**: Although the precise number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest motor vehicle insurers in the State of Ohio and wrote hundreds of millions of dollars of private-passenger physical damage coverage premiums during the relevant time period, the classes of persons affected by Defendant's unlawful practice consists of thousands of individuals or the class of persons affected are otherwise so numerous that joinder of all class members is impractical, and likely numbers in the tens of thousands. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized insurance policy language, and results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the class members. Thus, numerosity within the meaning of Fed. R. Civ. P. 23(a)(1) is established.

58. **Commonality**: Plaintiff's claims raise questions of law and fact common to all members of the class within the meaning of FRCP 23(a)(2). These common questions include: (a) whether Defendant's standardized policy language includes coverage for Sales Tax; (b) whether Defendant's standardized policy language includes coverage for mandatory Transfer Fees; (c)

whether Defendant's use of the term ACV, which is not defined in the Policy, includes consideration of costs necessary to replace the vehicle and achieve the insured's pre-loss position; and (d) whether Defendant has breached its insurance contracts with the Plaintiff and the class members by failing to include Sales Tax and Transfer Fees as part of the ACV payment.

59. The central issues in this litigation turn on interpretation of materially identical policy provisions; thus, this case is well-suited for class wide adjudication. Defendant and all class members are bound by the same materially identical policy terms. By resolving the question of whether Policy requires Defendant to include Sales Tax and Transfer Fees in ACV payments, this Court will resolve virtually the entire claim of Plaintiff and every class member in a single stroke.

60. **Typicality**: Plaintiff's claim is typical to those of all class members within the meaning of Fed. R. Civ. P. 23(a)(3) because members of the class are similarly affected by Defendant's failure to include Sales Tax and Transfer Fees upon the total loss of insured vehicles. The material and relevant policy terms for each class member are substantially identical to the terms of Plaintiff's policies and Plaintiff's and Class Members' legal claims arise from the same core practices.

61. Plaintiff's claims are based upon the same legal theories as those of the Class Members and Plaintiff suffered the same harm as all the other Class Members. Plaintiff is not subject to any unique affirmative defenses to which Class Members are not subject. By pressing her own claim, Plaintiff necessarily and concurrently advances the claim of all Class Members.

62. **Adequacy**: Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiff is committed to the vigorous

prosecution of this action and retained competent counsel experienced in prosecuting and defending class actions. Plaintiff possesses no interest in conflict with the Class.

63. Plaintiff's counsel are experienced and successful class action litigators, have decades of experience, and possess the resources to litigate and prosecute the claim. Moreover, Plaintiff's counsel have specifically (and successfully) litigated other class action cases similar to that here, where insurers breached contracts with insureds by failing to include sales tax and/or total loss fees after total losses.

64. **Predominance**: The issues common to the Class Members predominate over individual issues (if any) within the meaning of Fed. R. Civ. P. 23(b)(3). The common issues articulated herein are not only the central issues to this litigation, they are virtually the only issues relevant to this litigation. Any individual issues are a product only of the fact that the value of vehicles varies – because Sales Tax is a percentage of underlying value, the *amount* of Sales Tax varies. However, any variance is resolved by a ministerial and mechanical application of uniform rates imposed by the State of Ohio and is independent from any question concerning the merits of the claim.

65. **Superiority**: Moreover, class treatment is superior to any other treatment within the meaning of Fed. R. Civ. P. 23(b)(3). Class treatment provides for a fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate consistent adjudication. Furthermore, because the damages suffered by individual Class Members is relatively small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for Class Members to seek individual

13

redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

66. The issues related to Plaintiff's claims do not vary from the issues relating to the claims of the other members of the classes such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

67. The relevant Policy provisions for each Class Member are the same. The relevant law relating to the interpretation and application of those Policy provisions for each Class Member is the same. There is the potential for inconsistent or varying adjudications concerning individual Class Members. Allowing the issues to be adjudicated in a piecemeal fashion likely would result in certain Class Members who are not parties to individual adjudications having their rights impaired or impeded without notice or adequate representation.

## **CLAIM FOR BREACH OF CONTRACT**

68. The allegations in Paragraphs 1 through 67 are hereby incorporated by reference.

69. This count is brought by Plaintiff individually and on behalf of the Class Members.

70. Plaintiff was party to an insurance contract executed by American Family as described herein. *See* Exhibit A. All Class Members were parties to an insurance contract with Defendant containing materially identical terms.

71. The interpretation of Plaintiff's and all Class Members' insurance Policies are governed by Ohio law.

72. Plaintiffs and all Class Members made a claim determined by Defendant to be a first-party total loss covered claim under the insurance policy and determined by Defendant to be a covered claim.

73. By paying the total loss claim, Defendant determined that Plaintiff and each Class Member complied with the terms of their insurance contracts and fulfilled all duties and conditions required for each to be paid on his or her total loss.

74. The uniform Policy provisions covering Plaintiff's and all Class Members' claims required that full Sales Tax and Transfer Fees be paid on total losses, and as such, the Plaintiff and every Class Member was owed the ACV of the vehicle.

75. Defendant failed to include sufficient Sales Tax and Transfer Fees and thus failed to pay the ACV owed under the Insurance Policy to Plaintiff and every Class Member.

76. Each Class Member suffered damages due to Defendant's failure to pay full Sales Tax and Transfer Fees as required by the Policy.

77. Defendant's failures to provide the promised coverage constitute a material breach of contract with Plaintiff and every Class Member.

78. As a result of said breaches, Plaintiff and the Class Members are entitled under the insurance policies to sums representing the benefits owed for complete ACV payment, include sales tax, title transfer fees, registration fees, prejudgment and post-judgment interest, costs and expenses of litigation, and other relief as is appropriate.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, demands relief and judgment as follows:

1. For an Order certifying this action as a Class Action on behalf of the Class described above;

2. For an award of compensatory damages for the Class in amounts owed by Defendant;

15

3. For all other damages according to proof;

4. For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

5. For costs of suit incurred herein;

6. For pre- and post-judgment interests on any amounts awarded; and

7. For other and further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated this 17th day of October, 2019.

Respectfully submitted,

*/s/Daniel R. Karon*
Daniel R. Karon (0069304)
Beau D. Hollowell (0080704)
**Karon LLC**
700 West St. Clair Ave., Suite 200
Cleveland, OH  44113
PH: (216) 622-1851
FX: (216) 241-8175
Email: dkaron@karonllc.com
         bhollowell@karonllc.com

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
David M. Sholl, Esq.
Florida Bar. No. 114791
david@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone:  (305) 975-3320

16

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
Florida Bar No. 101754
efilings@shamisgentile.com
14 NE 1st Ave., Suite 1205
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915

**DAPEER LAW, P.A.**
Rachel Dapeer, Esq.
Florida Bar No. 108039
rachel@dapeer.com
300 S. Biscayne Blvd, #2704
Miami, FL 33131
Telephone: 305-610-5223

**NORMAND PLLC**
Jacob Phillips, Esq.
Florida Bar No. 120130
Ed Normand, Esq.
Florida Bar No. 865590
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: 407-603-6031
jacob.phillips@normandpllc.com
ed@ednormand.com

*Attorneys for Plaintiff*