# EXHIBIT A



# Facsimile Cover Sheet

**To:** Nanika Wilkerson

**Company:**

**City/State:**

**Phone:**

**Fax:** 7866230915

**From:**

**Company:**

**City/State:** Waukesha

**Phone:** 48555

**Fax:**

**Comments:** Policy language for Nanika WIlkerson
00-645-147647

The information contained in this facsimile message is attorney privileged and/or confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error please notify us immediately by telephone using our toll free number 1-800-374-1111 at the extension identified in the American Family phone number provided above so we may arrange for the return of this material at our expense. Thank you.

**Date & Time of Transmission:** 7/5/2019 10:25:40 AM
**Number of pages including this cover sheet: 12**

FAMILY CAR POLICY

This policy is a legal contract between **you** (the policyholder) and the company. The following Quick Reference is only a brief outline of some important features in **your** policy and is not the insurance contract. The policy details the rights and duties of **you** and **your** insurance company. **Read your policy carefully.**

**YOUR** FAMILY CAR POLICY QUICK REFERENCE

**Your** Name and Address
**Your Car** or **Trailer**
Policy Period    See Declarations Coverages
Amounts of Insurance

Beginning on page        Beginning on page

IF **YOU** HAVE AN ACCIDENT OR LOSS ..................... 2

AGREEMENT ............................................................. 2

DEFINITIONS ............................................................. 2

PART I – LIABILITY COVERAGE ............................... 3
Insuring Agreement Additional Definitions Additional
Payments Exclusions
Limits of Liability Additional Conditions

PART II – CAR DAMAGE COVERAGES .............. 5
Insuring Agreement Additional Definitions Additional
Payments Exclusions
Limits of Liability Additional Conditions

GENERAL CONDITIONS ...................................... 7

**NO MEXICO COVERAGE**

**READ THIS WARNING CAREFULLY**

Car accidents in Mexico are subject only to Mexican law. The Republic of Mexico considers a car accident to be  both a criminal offense and a civil matter. Car insurance should be secured from a Mexican insurance company to avoid the risk of being jailed and possibly having **your insured car** impounded.

**NO COVERAGE IS PROVIDED UNDER THIS POLICY FOR MEXICO**

## IF **YOU** HAVE AN AUTO ACCIDENT OR LOSS

If **we** are prejudiced by a failure to comply with the following duties, then **we** have no duty to provide coverage under this policy.

A. Notify **Us**

Tell **us** promptly. Give time, place, and details. Include names and addresses of injured persons and witnesses.

B. Other Duties

1. Each person claiming any coverage of this policy must also:

    a. cooperate with **us** and assist **us** in any matter concerning a claim or suit.

    b. promptly send **us** any legal papers received relating to any claim or suit.

    c. have a medical exam at **our** expense as often as **we** may reasonably ask. **We** will select the doctor.

    d. authorize **us** to obtain medical, employ-ment, vehicle and other records and documents **we** request, as often as **we** reasonably ask, and permit **us** to make copies.

    e. give **us** a signed, sworn proof of loss within 60 days after **we** request it. That proof of loss must be accurate and contain each of the following items:

        (1) the date, time, location and cause of loss;

        (2) the interest in the property, including liens and other interests;

        (3) the actual cash value and amount of loss of the property damaged, destroyed or stolen;

        (4) other insurance that may cover the loss;

        (5) changes in title, use or possession of the property during the policy period; and

        (6) detailed estimates for repair of the damage.

    f. give **us** written and recorded statements, including those recorded over the telephone, and answer questions under oath when asked by any person **we** name, as often as **we** reasonably ask, and sign copies of the answers.

    g. cooperate with **us** and, when asked, assist in:

        (1) making settlements;

        (2) securing and giving evidence; and

        (3) getting witnesses to attend hearings and trials.

    h. attend hearings and trials.

    i. not, except at their own expense, voluntarily:

        (1) make any payment or assume any obligation to others; or

        (2) incur any expense, other than first aid to others.

    j. not voluntarily make any agreement that would be binding on **us**.

2. Each person claiming Car Damage cov-erages must also:

    a. take reasonable steps after loss to pro-tect the vehicle and its equipment from further loss. **We** will pay fair expenses for such steps.

    b. promptly report the theft of the vehicle to the police.

    c. let **us** inspect and appraise the damaged vehicle before its repair or disposal.

## AGREEMENT

**We** agree with **you**, in return for **your** premium payment, to insure **you** subject to all the terms of this policy. **We** will insure **you** for the coverages and the limits of liability as shown in the Declarations of this policy.

## DEFINITIONS USED THROUGHOUT THIS POLICY

Words in bold type have these defined meanings.

A. **Auto business** means the business of selling, leasing, repairing, servicing, transporting, deliver-ing, testing, road testing, customizing, storing, or parking vehicles.

B. **Bodily injury** means bodily harm, sickness, disease or death of any person. It does not include:

1. any communicable disease, bacteria, fungi, parasite, virus or other organism which are transmitted by any insured to any other person;

2. the exposure to communicable disease, bacteria, fungi, parasite, virus or other organism; or

3. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to a person.

C. **Car** means **your** **insured car** and a **private pas-senger car**.

D. **Nonowned car** means any **car** or **trailer you** do not own while **you** or a **relative** are in charge of it. It does not include any **car** or **trailer**:

1. furnished or available for the regular use by **you** or any resident of **your** household; or

2. if used without the permission of the owner.

E. **Occupying** means in, on, getting into or out of, and in physical contact with.

F. **Private passenger car** means a four wheel **car** of the private passenger, pickup or van type and designed to carry persons and their luggage.

G. **Property damage** means damage to or destruction of tangible property. This includes loss of its use.

H. **Relative** means a person living in **your** household, related to **you** by blood, marriage or adoption. This includes a ward or foster child. It excludes any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle.

I. **State** means the District of Columbia, and any state, territory or possession of the United States, and any province of Canada.

J. **Trailer** means a vehicle designed to be towed by a **car**. It does not mean:

1. a farm wagon used to carry persons.
2. a **trailer** or mechanical device towed by a **car** and used in a business or occupation other than farming or ranching.
3. a **trailer** or car top carrier designed to be attached to the roof of a **car**.
4. another **car** towed by **your insured car**.

K. **We**, **us** and **our** means the company shown in the Declarations which provides this insurance.

L. **You** and **your** mean the policyholder shown in the Declarations and spouse, if living in the same household.

M. **Your insured car** means:

1. any vehicle shown in the Declarations.
2. any **trailer**:
   a. that **you** own; or
   b. while attached to **your insured car**.
3. any **nonowned car**.
4. any **car** or **trailer** that **you** do not own while used as a temporary substitute for any other

vehicle described in this definition which is out of normal use because of its:

a. breakdown;
b. repair;
c. servicing;
d. loss; or
e. destruction.

5. any of the following types of vehicles on the date **you** become the owner:

a. a **private passenger car**;
b. a motor home not used for business purposes; or
c. a pickup, van, sedan delivery or panel truck type that:
   (1) has a Gross Vehicle Weight Rating of 10,000 pounds or less; and
   (2) is not used for the delivery or trans-portation of goods and materials unless such use is for farming or ranching.

This provision (M.5.) applies only if:

a. **you** acquire the vehicle during the policy period;
b. **you** ask **us** to insure it within 30 days after **you** become the owner; and
c. **you** pay **us** any additional premium.

If the vehicle **you** acquire replaces one shown in the Declarations, it will have the same coverages as the vehicle it replaced. **You** must ask **us** to insure a replacement vehicle within 30 days if you wish to add or continue Car Damages Coverages.

If the vehicle **you** acquire is in addition to any shown in the Declarations and **we** insure all of **your** other **cars**, it will have the broadest coverage **we** now provide for any vehicle **we** insure. If **we** and **you** both agree to continue coverage, it will be under a new policy specifically insuring this vehicle.

---

PART I – LIABILITY COVERAGE

A. INSURING AGREEMENT

**You** have this coverage if Bodily Injury Liability and Property Damage Liability coverage is shown in the Declarations.

**We** will pay compensatory damages an **insured person** is legally liable for because of **bodily injury** or **property damage** as a result of an auto accident due to the ownership, maintenance or use of a **car** or **trailer**.

**We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

However, **we** will not defend any suit after **our** limit of liability has been offered or paid.

B. ADDITIONAL DEFINITIONS

1. **Insured person** or **insured persons** means:

a. you or a relative.
b. any person using **your insured car**.
c. any other person or organization, but only for legal liability for acts or omis-sions of:
   (1) any person covered under this Part while using **your insured car**.
   (2) **you** or any **relative** covered under this Part while using any **car** or **trailer** other than **your insured car**. This other **car** or **trailer** must not be owned or hired by that person or organization.

**Insured person** does not mean:

d. any person, other than a **relative**, using

**your insured car** without **your** permission.

e. any person, other than a **relative**, using **your insured car** with **your** permission, but who exceeds the scope of that permission.

f. any person using a vehicle without the permission of the person having lawful possession.

g. any person using a vehicle with the permission of the person having lawful possession, but who exceeds the scope of that permission.

h. the United States of America or its agencies.

i. any person for **bodily injury** or **property damage** due to that person's operation of a vehicle as an employee of the United States government when the provisions of the Federal Tort Claims Act apply.

C. **ADDITIONAL PAYMENTS**

**We** will pay, in addition to **our** limit of liability:

1. all costs **we** incur in the settlement of any claim or defense of any suit.

2. prejudgment interest on damages awarded in any suit **we** are obligated to pay. **We** will not pay any such interest that accrues after such time that **we** make an offer to pay **our** limit.

3. interest accruing on **our** share of the amount of any judgment between the time the judgment is entered and the time **we** pay, tender or deposit in court that part of the judgment that does not exceed **our** limit of liability.

4. premiums on bonds requested by **us** in any suit **we** defend. But **we** will not pay the premium for bonds over **our** limit of liability. **We** need not apply for or furnish any bond.

5. charges up to $250 for a bail bond required due to an auto accident, including related traffic law violations, causing **bodily injury** or **property damage** covered by this Part. **We** have no obligation to apply for or furnish such a bond.

6. loss of wages or salary up to $250 a day, but not other income, when **we** ask **you** to attend trials or hearings.

7. expenses incurred by an **insured person** for first aid to others at the time of an auto accident involving **your insured car**.

8. any other reasonable expenses incurred at **our** request.

D. **EXCLUSIONS**

**We** will not pay for:

1. **bodily injury** or **property damage** arising out of the use of a vehicle to carry persons for a charge. This exclusion does not apply to shared-expense car pools or the charitable carrying of persons.

2. **bodily injury** or **property damage** which was caused intentionally by any person, even if the actual injury or damage is different than that which was expected or intended.

3. **bodily injury** or **property damage** when a person is covered under nuclear energy liability insurance. This exclusion applies even if that insurance is exhausted.

4. **bodily injury** to an employee of an **insured person** arising in the course of employment. But a domestic employee is covered unless benefits are payable or are required to be provided for the domestic employee under a workers' compensation or disability benefits law or any similar law.

5. **bodily injury** or **property damage** arising out of **auto business** operations. But this exclusion does not apply to the ownership, maintenance or use of **your insured car** in **auto business** operations by **you**, a **relative**, any partner or employee of **you** or a **relative**.

6. damage to property owned by, or in the charge of, an **insured person**.

7. damage to property rented to an **insured person** except a residence or private garage.

8. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any:

a. motorized vehicle with less than four wheels;

b. recreational all terrain vehicle regardless of the number of wheels; or

c. vehicle designed for use off public roads.

9. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle, other than **your insured car**, which is owned by or furnished or available for regular use by **you** or a **relative**.

10. **bodily injury** to:

a. any person injured while operating **your insured car**;

b. **you** or a **relative**; or

c. any person related to and residing in the household of the operator.

11. **bodily injury** or **property damage** occurring while **your insured car** is rented or leased to others.

12. **bodily injury** or **property damage** occurring in or resulting from any organized or agreed- upon racing or speed contest or demonstration in which **your insured car** has active participation, or in practice or preparation for any such contest.

13. punitive or exemplary damages, fines or penalties, or court order restitution as a result of civil actions.

E. **LIMITS OF LIABILITY**

1. The limits of liability shown in the Declarations apply, subject to the following:
   a. the **bodily injury** liability limit for "each person" is the maximum for **bodily injury** sustained by one person in any one occurrence.
   b. subject to the **bodily injury** liability limit for "each person", the **bodily injury** liability limit for "each occurrence" is the maximum for **bodily injury** sustained by two or more persons in any one occurrence.
   c. the **property damage** liability limit for "each occurrence" is the maximum for all damages to all property in any one occurrence.
2. The limits of liability are the most **we** will pay regardless of the number of:
   a. insured persons;
   b. claims made;
   c. vehicles or premiums shown on the Declarations; or
   d. vehicles involved in the loss.
3. A **car** and attached **trailer** are considered as one **car**.
4. No one will be entitled to duplicate payments for the same elements of loss. Any amount **we** pay under this Part to or for an injured person will be reduced by any payment made to that person under any Part of this policy. In no event shall a coverage limit be reduced below any amount required by law.

F. **ADDITIONAL CONDITIONS**
   1. Out Of State Coverage.
      This policy conforms to any motor vehicle insurance law to which an **insured person** is subject by using a **car** in any **state**. But, any broader coverage so afforded shall be reduced to the extent that other auto liability insurance applies. In no event shall a person collect more than once for the same element of loss.

2. Other Insurance.
   a. Other Policies Issued By **Us**
      If two or more auto liability insurance policies are issued to **you** by **us** or any other member company of the American Family Insurance Group of companies, apply to the same auto accident, the total limits of liability under all such policies shall not exceed the highest limit of liability under any one policy.
   b. Other Liability Coverage From Other Sources
      If there is other auto liability insurance for a loss covered by this Part, **we** will pay **our** share according to this policy's proportion of the total of all liability limits. But any insurance provided under this Part for a vehicle **you** do not own is excess over any other collectible auto liability insurance.
3. Conformity With Financial Responsibility Laws.
   When **we** certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the required coverage. **You** agree to repay **us** for any payment **we** would not have had to make except for this agreement.

### PART II – CAR DAMAGE COVERAGES

**A. INSURING AGREEMENT**

**We** will pay for **loss** of or damage to **your insured car** and its equipment, less the deductible, if the coverage is shown in the Declarations for:

1. Comprehensive Coverage.
   Under this coverage, **we** will pay for **loss** not caused by collision. **We** also pay for **loss** caused by breakage of glass, fire, explosion, and colliding with a bird, animal, missile or falling object.
   If **you** have a Comprehensive deductible and **your** windshield is repaired instead of replaced, the deductible, if any, will be waived. If the repair fails, **your** windshield will be replaced, however, the Comprehensive deductible, if any, will be applied.

2. Collision Coverage.
   Under this coverage, **we** will pay for **loss** due to the collision of **your insured car** with another object or upset of **your insured car**. If breakage of glass results from a collision, **you** may have **us** treat it as a **loss** caused by collision. The first $100 of **your** deductible shall not apply to **loss** caused by a collision of **your insured car** with another vehicle insured by **us**. But the entire deductible applies if the other vehicle is owned by, or in the charge of, **you** or a member of **your** household.

**B. ADDITIONAL DEFINITIONS**

As used in this Part only:

1. **Loss** means direct and accidental **loss** of or damage to **your insured car** and its equipment. **Loss** does not mean any difference in the market value of **your insured car** immediately prior to the **loss** and the market value of **your insured car** after repairs from the **loss** are completed

**C. ADDITIONAL COVERAGES**

1. Transportation Expenses.
   a. **We** will pay up to $20 per day, but no more than $600, for the cost of transportation **you** incur if **your insured car** is stolen and **we** provide Comprehensive coverage.
   b. This coverage:
      (1) begins 48 hours after the theft is reported to **us** and the police; and
      (2) ends when **you** get **your insured car** back after being repaired, if necessary, or when **we** pay or offer to pay for the **loss**.

2. The following additional coverages apply only if **you** have Comprehensive or Collision Coverage in effect under this policy and the **loss** is covered by Comprehensive or Collision.
   a. Electronic Media.
      **We** will pay up to $200 in any one **loss** to tapes, discs and other electronic media used with equipment permanently in- stalled in **your insured car**.
   b. Portable Electronic Equipment.
      **We** will pay up to $300 in any one **loss** to portable electronic equipment including cellular phones, global positioning systems (GPS), satellite radio, portable compact disc (CD) players, or digital video disc (DVD) players.
   c. Clothing and Luggage.
      **We** will pay up to $200 in any one **loss** of clothing and personal luggage, including its contents, belonging to **you** or a **rela- tive** while it is in or on **your insured car**. This additional coverage does not apply if the insured **car** is a travel-trailer.

**D. EXCLUSIONS**

**We** will not pay for:

1. **loss** to **your insured car** while used to carry persons for a charge. This exclusion does not apply to shared-expense car pools or the charitable carrying of persons.
2. **loss** caused by war (declared or un-declared), civil war, insurrection, rebellion or revolution, or by nuclear reaction, radiation, or radioactive contamination, or their consequences.
3. **loss** to sound recording or reproducing tapes, discs or other similar electronic media except as provided in C.2.a., ADDITIONAL COVERAGES above.
4. **loss** to any electronic equipment, including its accessories, that reproduces, receives or transmits audio, visual or data signals. This includes, but is not limited to:
   a. radios and stereos;
   b. tape decks;
   c. compact disc systems;
   d. navigation systems;
   e. internet access systems;
   f. personal computers;
   g. video entertainment systems;
   h. telephones;
   i. televisions;
   j. two-way mobile radios;
   k. "ham" radios;
   l. scanning monitor receivers; or
   m. citizens band radios.
   This exclusion does not apply to electronic equipment which is permanently installed in an opening of **your insured car** normally used by the motor vehicle manufacturer.
5. **loss** to the following equipment unless it is provided by the motor vehicle manufacturer:
   a. special or custom paint finishes.
   b. any ornamental or protective accessories which may include shields,

bras, engine accessories, racing slicks, oversized or special tires, special wheels, or special wheel covers.

c. any equipment which changes the use or appearance of the interior of **your insured car**, which may include swivel chairs, appliances, furniture, special carpeting, bars, or paneling.

d. any equipment which mechanically or structurally changes **your insured car**, or results in an increase in performance or change in appearance

6. **loss** to a van for:

a. any furnishings, carpeting, and other household equipment built into the van;

b. any height-extending roof mounted on the van; or

c. any customized painting and decorating applied to the van.

7. **loss** to a camper body or trailer owned by **you** or a **relative** and not described in the Declarations. But coverage does apply to a camper body or **trailer** ownership of which **you** acquire during the policy period if **you** ask **us** to insure it within 30 days after **you** acquire it.

8. **loss** to any equipment or accessories of a motor home, pick-up camper body, or camper trailer unless permanently attached to the vehicle.

9. **loss** resulting from wear and tear, freezing, mechanical or electrical breakdown or failure, or road damage to tires. But coverage does apply if the **loss** results from the total theft of **your insured car**.

10. a vehicle not owned by **you** when used in **auto business** operations.

11. **loss** during any organized or agreed-upon racing or speed contest or demonstration in which **your insured car** has active participation, or in practice or preparation for any such contest.

12. **loss** to **your insured car** while it is rented or leased to others.

13. **loss** due to the seizure of any vehicle by any governmental authority.

14. **loss** to any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

15. **loss** due to conversion or embezzlement by any person who has the vehicle due to any rental, lease, lien or sales agreement.

E. LIMITS OF LIABILITY

1. **Our** limit of liability for **loss** shall not exceed the least of:

a. the actual cash value of the stolen or damaged property; or

b. the amount necessary to repair or replace the property. The amount necessary to repair or replace the property does not include any difference in the market value of **your insured car** immediately prior to the **loss** and the market value of **your insured car** after repairs from the **loss** are completed.

2. The amount necessary to repair or replace the property is determined by one of the following:

a. the amount necessary to repair or replace agreed upon by **you** and **us**;

b. a competitive bid approved by **us**; or

c. an estimate based upon prevailing competitive prices. Prevailing competitive prices are the prices charged by a statistically significant number of repair facilities in the area where **your insured car** is to be repaired, as determined by **us**. Upon **your** request, **we** will identify facilities that will perform the repairs for the prevailing competitive price.

3. If the amount necessary to repair or replace the property is in excess of its actual cash value, **we** may, if **you** agree, pay the decrease in the value of the damaged property caused by the **loss**.

4. There is a $1,000 limit for a **trailer** not owned by **you** or a **relative**.

5. An adjustment for depreciation and physical condition will be made in determining actual cash value, except as provided in paragraph C.2., ADDITIONAL COVERAGES above.

6. If a repair or replacement results in better-ment of the part, **we** will not pay for the amount of the betterment.

7. Any amount paid or payable for damage to **your insured car** under the Liability coverage of any policy issued by **us** shall be deducted from any amounts payable under this Part.

F. PAYMENT OF LOSS

1. **We** may pay the **loss** in money or repair or replace damaged or stolen property. **We** may, at any time before the **loss** is paid or the property is replaced, return any stolen property either to **you** or to the address shown in the Declarations, with payment for the resulting damage. **We** may keep all or

part of the property at the agreed or appraised value.

2. **You** or **we** may demand appraisal of the **loss**. Each will appoint and pay a competent and impartial appraiser and will equally share other appraisal expenses. The appraisers, or a judge of a court having jurisdiction, will select an umpire to decide any differences. Each appraiser will state separately the actual cash value and the amount of **loss**. An award in writing by any two appraisers will determine the amount payable.

G. ADDITIONAL CONDITIONS

1. No Benefit To Bailee.
   A carrier or other bailee for hire liable for **loss** to **your insured car** is excluded from coverage.
2. Other Insurance.
   If there is other similar insurance for a **loss** covered by this Part, **we** will pay **our** share according to this policy's proportion of the total limits of all similar insurance. But, any

GENERAL CONDITIONS

Unless otherwise noted, the following conditions apply to all coverages of this policy.

1. Assignment
   Interest in this policy may be assigned only with **our** written consent. But, if the named insured shown in the Declarations or the spouse living in the same household dies, the policy will cover:
   a. the survivor;
   b. the legal representative of the deceased person while acting within the scope of duties of a legal representative; and
   c. any person with proper custody of **your insured car** until a legal representative is appointed.
2. Bankruptcy
   Bankruptcy or insolvency of an insured has no effect on **our** policy obligations.

insurance afforded under this Part for a vehicle **you** do not own is excess over any other similar insurance.

3. Loss Payable Clause.
   a. **Loss** or damage shall be paid to **you** and the lienholder shown in the Declarations. The insurance covering the interest of the lienholder shall apply unless invalidated by **you** or **your relatives** fraudulent acts or omissions. **We** have the right, however, to cancel this policy as shown in the Cancellation and Nonrenewal Endorsement. Cancellation shall terminate this agreement with respect to the lienholder's interest. When **we** cancel, **we** will give the lienholder at least 10 days notice.
   b. When **we** pay the lienholder, **we** are entitled to the extent of the payment, to the lienholder's rights of recovery.

3. Cancellation or Nonrenewal.
   (see separate endorsement)
4. Changes
   This policy includes all the agreements between **you** and **us** relating to this insurance. No change or waiver may be made in this policy except by endorsement, new Declarations or new policy issued by **us**.
   Any facts known by **our** agent are facts known by **us**.
   The premium for each term of this policy is determined by information **we** received from **you** or other sources at the inception of that policy term. If there is any change to the information used to develop the policy premium, **we** may adjust **your** premium on a pro rata basis. If a

premium adjustment is necessary, **we** will make the adjustment as of the effective date of the change.

The factors that affect **your** premium include, but are not limited to:

a. the rates in effect;

b. the coverages, deductibles, or limits selected;

c. the type of vehicle **you** insure with **us**;

d. the territory where **your insured car** is used;

e. how **your insured car** is used;

f. drivers of **your insured car** and non-drivers who are members of **your** household;

g. discounts or other premium credits; or

h. accidents and/or violation history and charges.

When **we** broaden coverage during the policy period without charge, the policy will automatically provide the broadened coverage when effective in **your** state. This does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of a subsequent edition of **your** policy or an amendatory endorsement.

5. Concealment Or Fraud

With respect to all insureds, this entire policy is void if, before or after a loss, any insured has:

a. intentionally concealed or misrepresented any material fact or circumstance;

b. engaged in fraudulent conduct; or

c. made false statements; relating to this insurance.

6. Cooperation

Any person claiming any coverage under this policy must cooperate with **us** in the investigation, settlement and defense of any claim or lawsuit.

7. **Our** Recovery Rights

If **we** pay under this policy, **we** are entitled to all the rights of recovery of the person to or for whom payment was made. That person must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights and do nothing after loss to harm **our** rights.

When **we** make a payment under this policy to or for a person who also collects from another, the

amount collected from the other shall be repaid to **us** to the extent of **our** payment.

8. Policy Period

Each policy period will begin and end at 12:01 A.M., standard time at **your** address as shown in the Declarations. The premiums shown in the Declarations is for the first policy period. **We** will compute the premium for each policy period based on **our** manuals.

This policy may be continued for successive policy periods by the payment of the required premium on or before the effective date of each policy period. If the premium is not paid when due, this policy will terminate at the end of the last policy period for which the premium was paid.

9. Suit Against **Us**

**We** may not be sued unless all the terms of this policy are complied with. **We** may not be sued under the liability coverage until the obligation of a person **we** insure to pay is finally determined either by judgment against that person at the actual trial or by written agreement of that person, the claimant and **us**. **We** may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations. No person or organization has any right under this policy to bring **us** into any action to determine the liability of a person **we** insure.

10. Terms Of Policy Conform To Statute

Terms of this policy which are in conflict with the statutes of the **state** in which this policy is issued are changed to conform to those statutes.

11. Territory

This policy covers only auto accidents, occurrences, and losses which occur:

a. within the United States of America, its territories or possessions, or Canada, or between their ports; and

b. during the policy period.

12. Two Or More **Cars** Insured By **Us**

If two or more auto insurance policies issued to **you** by **us** or any other member company of the American Family Insurance Group of companies, apply to the same auto accident, the total limits of liability under all such polices shall not exceed the highest limit of liability under any one policy.

This policy is signed at Madison, Wisconsin, on **our** behalf by **our** President and Secretary. If it is required by law, it is countersigned on the Declarations by **our** authorized representative.

President                          Secretary

**This is not a complete and valid contract without an accompanying DECLARATIONS PAGE.**



Covers2008.qxd:Auto_PolicyBookletCovers.qxd 11/26/08 3:37 PM Page 2

THIS IS YOUR POLICY.