## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| NANIKA WILKERSON, individually and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : AMERICAN FAMILY INSURANCE COMPANY, : : : Defendant. : | Case No. 1:19-cv-02425-CAB  Judge Christopher A. Boyko |

**DEFENDANT AMERICAN FAMILY'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**

Defendant American Family Insurance Company ("American Family"), pursuant to Fed. R. Civ. P. 12(b)(6), and for the reasons set forth in the attached Memorandum in Support, respectfully requests that the Court dismiss Plaintiff's Class Action Complaint for Damages (Dkt. 1) in its entirety, and with prejudice, because Plaintiff fails to state any claim against American Family upon which relief may be granted.

Respectfully submitted,

ICE MILLER LLP

/s/ Steven D. Forry
Steven D. Forry (0075520)
Lydia F. Reback (0097766)
250 West Street, Suite 700
Columbus, OH 43215
Tel: (614) 462-2254; Fax: (614) 222-3435
Steven.Forry@icemiller.com
Lydia.Reback@icemiller.com

Adam Arceneaux (admitted *pro hac vice*)
Jenny R. Buchheit (admitted *pro hac vice*)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Tel.: (317) 236-2100
Fax: (317) 236-2219
Adam.Arceneaux@icemiller.com
Jenny.Buchheit@icemiller.com

*Counsel for Defendant American Family Insurance Company*

## AMERICAN FAMILY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Following the total loss of Plaintiff Nanika Wilkerson's ("Plaintiff" or "Wilkerson") vehicle, Defendant American Family Insurance Company ("American Family") paid Plaintiff for the loss of her vehicle according to the terms of her insurance policy (the "Policy"). Now Plaintiff claims that American Family breached its Policy because it failed to pay the sales tax (the "Sales Tax") and the title transfer and tag transfer fees (the "Fees") as part of the damaged vehicle's actual cash value (the "ACV")—a vehicle that Plaintiff does not allege was replaced or transferred. Plaintiff's claim fails on its face. The Sales Tax and Fees are associated with replacement costs—i.e., the purchase of a *new* vehicle—but the plain language of the Policy pays the ACV of the *damaged* vehicle. Accordingly, American Family respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Class Action Complaint for Damages (Dkt. 1) in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND AND INTRODUCTION[1]

American Family is an insurance company, providing—among other products—private passenger automobile policies to its customers, which include comprehensive and collision coverage for the ACV of vehicles that are determined to be "total loss vehicles" after an accident. (Dkt. 1 at 1, ¶¶ 1, 3.)

On or about April 21, 2016, Wilkerson was involved in an accident while driving her 2010 Chevrolet Impala, VIN No. 2G1WA5EK6A1102724 (the "Vehicle"). (*Id.* at 6, ¶ 30.) Wilkerson's Vehicle was insured through American Family (the "Policy"). (*Id.* at 1, ¶ 1.) After the accident, Wilkerson filed a claim for property damage with American Family, Claim No. 00-

---

[1] American Family does not concede that the facts as alleged in Plaintiff's Class Action Complaint for Damages are accurate, but will treat them as such (as it is required to do) for purposes of this Motion only. American Family does not, however, accept Plaintiff's incorrect allegations regarding unambiguous contract terms.

645-147647. (*Id.* at 6, ¶ 31.) American Family determined that Wilkerson's Vehicle was a total loss, and—after a third-party vendor calculated that the base value for her Vehicle was $9,979.00—American Family paid Wilkerson the base value minus her deductible for a total payment of $9,479.00. (*Id.* at 6-7, ¶¶ 32, 34, 36.) Wilkerson does not dispute the underlying value of the Vehicle. (*Id.* at 6, ¶ 39.)

On October 17, 2019, Wilkerson filed a Complaint on behalf of herself and all others similarly situated against American Family, alleging that American Family breached her Policy by failing to pay Sales Tax and Fees. (*See generally id.*) For that breach, she seeks compensatory damages, pre- and post-judgment interest, costs, litigation expenses and attorney fees. (*Id.* at 14-16.)

## ARGUMENT

### I. Legal Standard

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). "[A] legal conclusion couched as a factual allegation" need not be accepted as true. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And pleadings that merely "recit[e] the elements of a cause of action" or offer "naked assertions devoid of further factual enhancement" will not suffice. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014). Rather, a complaint must include sufficient facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gavitt*, 835 F.3d at 640.

4

**II. The Court should dismiss Plaintiff's Class Action Complaint for Damages pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim for breach of contract upon which the Court can grant relief.**

**A. The unambiguous language of the Policy required American Family to pay the ACV of the Vehicle—and nothing more.**

Contract interpretation is a matter of law when a contract's terms are clear and unambiguous.[2] *See Long Beach Ass'n, Inc. v. Jones*, 697 N.E.2d 208, 209 (Ohio 1998). The Policy is interpreted according to the plain language of its terms. *Id*. If the contract terms are clear and unambiguous, no interpretation or construction is necessary, and the terms will be given the effect called for by the plain language of the contract. *See Davis v. Loopco Indus., Inc.*, 609 N.E.2d 144, 145 (Ohio 1993).

Under the plain language of the Policy, American Family promised to pay for the "**loss** of or damage to" Wilkerson's Vehicle. (Dkt. 1-1 at 8) (emphasis in original). "**Loss**" is defined as the "direct and accidental loss of or damage to [the Vehicle] and its equipment. **Loss** does not mean any difference in the market value of [the Vehicle] immediately prior to the **loss** and the market value of [the Vehicle] after repairs from the **loss** are completed." (*Id.*) (emphasis in original). There is no dispute that Wilkerson suffered a "loss" under the Policy. Thus, pursuant to the Policy, Wilkerson's loss—and American Family's duty to pay—is limited to the damaged Vehicle, which Wilkerson insured with American Family at the time of the loss.

Despite this, Wilkerson argues that American Family breached the Policy by not paying for the Sales Tax and Fees, as part of its payment to her following her loss. ACV comes into play only because American Family limited its liability to the least of:

a) The actual cash value of the stolen or damaged property; or

---

[2] Because this is a diversity case, Ohio law applies. *See Ransey v. Penn Mut. Life Ins. Co.*, 787 F.3d 813, 822 n.2 (6th Cir. 2015) (citation omitted).

5

> b) The amount necessary to repair or replace the property. The amount necessary to repair or replace the property does not include any difference in the market value of [the Vehicle] immediately prior to the **loss** and the market value of [the Vehicle] after repairs from the loss are completed.

(*Id.* at 9) (emphasis in original). Ohio law similarly has defined ACV to mean either the market value of the property at the time of the loss *or* the cost of repair or replacement less depreciation for age and condition. *See generally Asmaro v. Jefferson Ins. Co. of New York*, 574 N.E.2d 1118, 1122 (Ohio Ct. App. 1989). The language of the Policy confirms that Wilkerson had coverage for the former, not the latter.[3]

The plain language of the Policy demonstrates that American Family promised to pay the ACV of the *damaged property*—not Sales Tax and Fees associated with an (undamaged) replacement vehicle. (Dkt. 1-1 at 8-9.) Wilkerson concedes that the Fees are associated with getting a replacement vehicle, not those related to the damaged vehicle. (*See* Dkt. 1 at 8-9, ¶¶ 47-48 (describing the alleged Fees for Plaintiffs "replacement vehicles" at the time of the loss). And although Wilkerson attempts to avoid dismissal by calculating the Sales Tax using the ACV of the Vehicle, the fact remains that the only reason Sales Tax would come into play is if Wilkerson purchased a replacement vehicle or if the Policy promised to reimburse Wilkerson for the amount of Sales Tax paid when she purchased the Vehicle. Neither scenario occurred.

Wilkerson's proposed reading of the Policy turns the basic tenets of insurance contract interpretation on its head. It is axiomatic that in order for Wilkerson to be entitled to the Sales Tax and Fees she seeks prior to replacement, the Policy must provide coverage for them in the first place. American Family's Policy does not. Under the unambiguous terms of the Policy, American Family had no duty to pay the Sales Tax and Fees.

---

[3] This point is reinforced by the fact that the Policy notes that American Family "may pay the **loss** in money or [by] repair[ing] or replac[ing] damaged or stolen property." (Dkt. 1-1 at 9.) It does not, as Wilkerson claims, promise "to pay for loss by repairing or replacing the vehicle or paying the equivalent in money." (Dkt. 1 at 4, ¶ 17; *see also id.* at ¶ 22.)

**B. American Family's obligation to indemnify requires it to restore Wilkerson to the same position as before the loss, but only in accordance with the Policy's terms.**

Wilkerson's Complaint argues that the Policy is one of "pure indemnity," which—according to Wilkerson—means "to place an insured in his or her pre-loss position, which would necessarily include costs necessary to achieve the pre-loss position. (Dkt. 1 at 10, ¶ 50.) American Family agrees to a point—the Policy *is* an indemnity policy. American Family disagrees, however, with Wilkerson's characterization of her "pre-loss position," to the extent she claims it includes payment of the Sales Tax and Fees. American Family's obligation to indemnify requires it to restore the insured to the same position as before the event, *according to the Policy's terms. See, e.g., White v. Ogle*, 425 N.E.2d 926, 929 (Ohio Ct. App. 1979) ("An insurance company is only liable according to the terms and provisions of its contract, and not otherwise.") (internal citations omitted); *see also Allgood v. Meridian Sec. Ins. Co.,* 836 N.E.2d 243, 246 (Ind. 2005) ("[a]n insurance company's obligation to indemnify requires it to restore the insured to the same position as before the event only to the extent required by the policy terms.").

Here, American Family provided coverage according to its Policy: It paid Wilkerson for her "loss," which was limited to the market value of the Vehicle itself. Nothing in the Policy required American Family to pay the Sales Tax and Fees, especially where (1) American Family did not pay to replace the Vehicle, and (2) Wilkerson does not allege that she replaced the Vehicle. Wilkerson's Complaint, which is based on this alleged "breach," should be dismissed.

**C. The Policy cannot be "reasonably interpreted" to include payment of Sales Tax and Fees.**

Wilkerson's Complaint claims that her interpretation of the Policy—i.e., that ACV "mean[s] or include[s] 'replacement costs' accounting for depreciation and property

7

condition"—is reasonable. (Dkt. 1 at 10, ¶ 49.) This is, at its core, an argument that the Policy language at issue is ambiguous.

If a contract is clear and unambiguous, its interpretation is a matter of law and there is no issue of fact to be determined. Only if the contract language is capable of two *reasonable* but conflicting interpretations will an issue of fact be created. *Ramey v. Berns Properties, Inc.*, No. 79746, 2002 WL 253859, at *2 (Ohio Ct. App. Feb. 21, 2002) (emphasis added); *see also Complete Gen. Const. Co. v. Koker Drilling Co.*, No. 02AP-63, 2002 WL 31031614, at *3 (Ohio Ct. App. Sep. 12, 2002) ("[T]he mere fact that parties to a contract adopt conflicting interpretations of the document does not create ambiguity or a basis for interpretation of the contract language where no ambiguity can reasonably be said to exist in the language."). There is nothing ambiguous as to American Family's promise to pay, and indeed, payment of, the market value of the Vehicle, especially where the Policy distinguished between replacement cost and ACV, limiting American Family's liability to the lesser amount. (*See, e.g.*, Section II(A), *supra*.)

Ohio courts have determined that the limitation language contained in the Policy "clearly and unambiguously provided that [the insurer] would pay the actual cash value at the time of the loss to the damaged property …" *Jenkins v. State Farm Fire & Cas. Co.*, No. 12-CA-5, 2012 WL 6681882, at *4 (Ohio Ct. App. Dec. 20, 2012). Specifically, the plain language of the Policy demonstrates that American Family promised to pay the "ACV of the . . . *damaged property*" (Dkt. 1-1 at 9)—not Sales Tax and Fees which are associated with the purchase of a replacement vehicle. Because the ACV is confined to the insured Vehicle—and not its replacement—American Family had no obligation to pay the Sales Tax and Fees.

A simple examination of the Policy's limitation of liability clause demonstrates that Wilkerson's attempt to reform the Policy must fail, as it expressly differentiates between the

8

concepts of the Vehicle's ACV and replacement. (*See, e.g., id.*) The Policy specifies that American Family "may pay the **loss** in money *or* repair or replace damaged or stolen property." (Dkt. 1-1 at 9) (bold in original, italics added). Thus, the Policy provides that American Family will either replace the Vehicle *or* pay for the damage to the Vehicle. American Family does not, as Wilkerson claims, promise to replace the Vehicle *or pay for the amount of the replacement in money*. (*See* Dkt. 1-1 at 4, ¶¶ 17, 22; *id.* at 10, ¶ 51.) To adopt Wilkerson's position, this Court would have to rewrite the Policy, which it will not do. *N. Buckeye Educ. Council Grp. Health Benefits Plan v. Lawson*, 814 N.E.2d 1210, 1216 (Ohio 2004); *Mueller v. Taylor Rental Ctr.*, 667 N.E.2d 427, 430 (Ohio Ct. App. 1995).

Under no circumstances would the Sales Tax and Fees be included in the ACV of the Vehicle, especially when American Family chose not to replace it. Wilkerson's continued attempt to conflate replacement with the ACV of the Vehicle does not constitute a "reasonable" interpretation of the Policy. Indeed, in *Coleman v. Garrison Prop. & Cas. Ins. Co.*, No. 19 C 1745, 2019 WL 3554184, at *3 (N.D. Ill. July 31, 2019), the Northern District of Illinois considered a similar argument. There, the plaintiff argued that the insurance policy's promise to pay "the amount it would cost to buy a comparable vehicle" included sales tax and title fees. *Id.* Noting that the policy's definition of ACV was "limited to the purchase price of the vehicle itself and [did] not include attendant 'replacement costs' like sales tax, title fees, registration fees, or the like," the court concluded there was "[n]othing in the plain language of the policy provisions Plaintiff cites as the basis of her claims [that could] reasonably be construed as an express promise to pay sales tax and title fees . . . ." *Id.; see also Thompson v. Progressive Universal Ins. Co.*, No. 19-cv-150-wmc, 2019 WL 6037367, at *3-4 (W.D. Wis. Nov. 14, 2019) (considering similar insurance policy to determine that ACV does not include "sales tax, registration fees or

9

other costs that might be incurred in actually purchasing a replacement vehicle"); Order Granting Defendant's Rule 12(b)(6) Motion to Dismiss, *Singleton v. Elephant Ins. Co.*, No. 6:19-cv-00200-ADA (W.D. Tex. May 10, 2019) (Dkt. No. 17) (same).

American Family is unaware of any Ohio case finding that market value, in the context of a vehicle's ACV in an automobile insurance policy, includes replacement costs such as the Sales Tax and Fees. Because American Family provided coverage to Wilkerson in accordance with its Policy, her Complaint should be dismissed.

### D. Ohio law does not create an independent obligation for insurers to pay the Sales Tax and Fees.

American Family does not dispute that Ohio law requires all vehicles to be properly titled and registered and have proper license plates (or tags) in order to be legally driven on Ohio roadways (*see* Dkt. 1 at 8-9, ¶¶ 47-48), and for applicable sales tax to be paid on items, (*see id.* at 8, ¶ 46). However, Wilkerson does not (and cannot) cite any Ohio law or regulation that requires insurers to pay Sales Tax or Fees as part of a calculation of ACV for a total loss vehicle, when a replacement vehicle has not been purchased. The Policy alone determines whether American Family has an obligation to pay the Sales Tax and Fees. Because the Policy does not impose such an obligation, Wilkerson's Complaint should be dismissed.

### CONCLUSION

Wilkerson's Class Action Complaint for Damages must be dismissed. Neither Ohio law, nor Wilkerson's Policy, requires payment of Sales Tax or Fees as part of an ACV payout for a total loss vehicle. As such, Wilkerson's claim fails as a matter of law. American Family respectfully requests that the Court grant its Motion to Dismiss and dismiss Wilkerson's Class Action Complaint for Damages (Dkt. 1) in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

ICE MILLER LLP

/s/ Steven D. Forry
Steven D. Forry (0075520)
Lydia F. Reback (0097766)
250 West Street, Suite 700
Columbus, OH 43215
Tel: (614) 462-2254; Fax: (614) 222-3435
Steven.Forry@icemiller.com
Lydia.Reback@icemiller.com

Adam Arceneaux (admitted *pro hac vice*)
Jenny R. Buchheit (admitted *pro hac vice*)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Tel.: (317) 236-2100
Fax: (317) 236-2219
Adam.Arceneaux@icemiller.com
Jenny.Buchheit@icemiller.com

*Counsel for Defendant American Family Insurance Company*

## CERTIFICATE OF COMPLIANCE

Pursuant to N.D. Ohio Local Rule 7.1(f), the undersigned hereby certifies that this case has not yet been assigned to a case track, and therefore the default page limit is 20 pages.

/s/ Steven D. Forry
Steven D. Forry (0075520)

## CERTIFICATE OF SERVICE

A copy of the foregoing document was filed electronically through the Court's CM/ECF filing system this 23rd day of December, 2019, which shall serve a copy upon all counsel of record.

/s/ Steven D. Forry
Steven D. Forry (0075520)

I\15030151.2