UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NANIKA WILKERSON, etc., | ) | CASE NO. 1:19CV2425 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| AMERICAN FAMILY INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #13) of Defendant American Family Insurance Company to Dismiss Plaintiff's Class Action Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the Motion is granted.

## I. BACKGROUND

On October 17, 2019, Plaintiff Nanika Wilkerson brought this Class Action lawsuit on behalf of herself and all persons insured under an Ohio policy issued by Defendant covering private passenger automobiles, who made a total-loss property damage claim and were not paid the full sales tax, title transfer fees and registration fees.

Plaintiff was involved in an accident while driving her 2010 Chevrolet Impala on

April 21, 2016. Plaintiff filed a claim under her Policy with Defendant. Defendant determined that there was coverage, that the cost to repair exceeded the actual cash value ("ACV") and that the vehicle was a total loss. Plaintiff concedes that the loss exceeded the ACV and that Defendant was only liable to pay the ACV. (Complaint, ECF DKT #1 at ¶ 33). A third-party appraiser calculated the base value of the vehicle to be $9,979.00. Plaintiff accepted the appraised value. (*Id*. at ¶ 39). Defendant paid Plaintiff $9,479.00, the base value less the deductible.

Plaintiff alleges, however, that Defendant's failure to pay the actual cash value of total-loss vehicles, *including* mandatory state and local sales tax, title fees, and registration fees, constitutes a material breach of contract with her and with every member of the putative Class. (Emphasis added). (*Id*. at ¶ 8).

Pursuant to the Policy, Defendant agreed to pay for the direct and accidental loss of or damage to the insured vehicle, less the deductible, due to the collision of the insured vehicle with another object or upset of the insured vehicle. (ECF DKT #1-1, p.8).

Further, Defendant limited its liability for **loss** to the **least** of :

a). The actual cash value of the stolen or damaged property; or
b). The amount necessary to repair or replace the property. The amount necessary to repair or replace the property does not include any difference in the market value of [the insured vehicle] immediately prior to the **loss** and the market value of [the insured vehicle] after repairs from the **loss** are completed. (ECF DKT #1-1, p. 9).

"Actual cash value" or ACV is not defined in the Policy.

Defendant moves for dismissal of Plaintiff's Class Action Complaint because, by the plain language of the Policy, Defendant promised to pay the ACV of the damaged property and not sales tax or fees associated with a replacement vehicle. Thus, Plaintiff's Class Action

-2-

Complaint fails to state a claim for breach of contract.

Plaintiff contends that because ACV can reasonably be interpreted to include necessary replacement costs, and because sales tax, transfer fees and registration fees are necessary replacement costs, Plaintiff's Complaint plausibly alleges that Defendant breached the insurance contract.

## II. LAW AND ANALYSIS

**Standard of Review - Fed.R.Civ.P. 12(b)(6)**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges

a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

A written instrument attached to a pleading is a part of the pleading for all purposes. Fed.R.Civ.P. 10(c). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335–36 (6th Cir. 2007).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

**Breach of Contract**

To establish breach of contract in Ohio, "a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure." *Anzalaco v. Graber,* 970 N.E.2d 1143, 1148 (Ohio Ct.App. 2012).

In the instant case, Defendant does not dispute that an automobile insurance contract exists and that Plaintiff has fully performed her obligations under the Policy. However, Defendant contends that Plaintiff has not demonstrated a breach nor damages suffered as a

result of a breach.

**<u>Contract interpretation</u>**

Plaintiff's Complaint was brought in federal court under diversity jurisdiction, specifically pursuant to the Class Action Fairness Act ("CAFA") (28 U.S.C. § 1332(d)(2)). Therefore, the substantive law of Ohio applies; and the district court must look for guidance to the decisions of the Ohio Supreme Court. *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013). If the Ohio Supreme Court has not spoken on an issue, then the district court turns to the decisions of its lower courts, to the extent they are persuasive, to predict how the Ohio Supreme Court would decide the issue. *Id.; Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985).

The cardinal purpose for judicial examination of any written instrument is to ascertain and give effect to the intent of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus.

"In insurance policies, as in other contracts, words and phrases are to be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the contract." *Williams-Diggins v. Permanent General Assurance Corporation of Ohio*, No. 108846, 2020 WL 4516931, *2 (Ohio Ct. App., 8th Dist. Aug.6, 2020) (citing *Beverage Holdings, LLC v. 5701 Lombardo, LLC*, 159 Ohio St.3d 194, 197 (2019)).

A court should read and consider the contractual provisions as a whole and not in

isolation. *Foster Wheeler Enviresponse v. Franklin Cty. Convention Facilities Auth*., 78 Ohio St.3d 353, 361 (1997). "Courts should not interpret contracts in a way that renders at least one clause superfluous or meaningless." *Transtar Elec. Inc. v. A.E.M. Elec. Servs. Corp*., 140 Ohio St.3d 193, 2014-Ohio-3095, ¶ 26 (2014).

The absence of definitions does not necessarily make terms ambiguous. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 652 N.E.2d 684, 686 (Ohio 1995).

Ambiguity exists when a term is subject to more than one reasonable interpretation. *King v. Nationwide Ins. Co.*, 519 N.E.2d 1380, 1383 (Ohio 1988); *Buckeye Union Ins. Co. v. Price*, 313 N.E.2d 844, 846 (Ohio 1974). Ambiguous provisions in an insurance policy "will be construed strictly against the insurer and liberally in favor of the insured." *King*, 519 N.E.2d at 1383. However, courts cannot create ambiguity if none exists. *Lager v. Miller-Gonzalez*, 896 N.E.2d 666, 669 (Ohio 2008); *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 150 (Ohio 1978).

If an insurance policy is ambiguous, and the policy is construed strictly against the insurer, *Andersen v. Highland House Co.*, 757 N.E.2d 329, 332–33 (Ohio 2001), "it will not suffice for [the insurer] to demonstrate that its interpretation is more reasonable than the policyholder's." *Id.* at 333 (quotation omitted). Instead, "in order to defeat coverage,

the insurer must establish not merely that the policy is capable of the construction it favors, but rather that such an interpretation is *the only one* that can fairly be placed on the language in question." *Id*. at 332. (Quotation omitted) (emphasis added).

If the policy is ambiguous, and the insured's interpretation is reasonable, the insured

prevails. *Perry v. Allstate Indemn. Co.*, 6th Cir. No. 18-4267, 2020 WL 1284960, *7 (Mar. 18, 2020).

**Contract of indemnity**

Plaintiff asserts that Defendant's ACV policy is a contract of indemnity because it reflects the dollar amount necessary to restore a policyholder to his or her pre-loss position. *See generally, Duffy v. W. Auto Supply Co.,* 134 Ohio St. 163 (1938). Pre-loss, Plaintiff owned a vehicle with the sales tax, transfer fees and registration fees paid. It follows, then, that Defendant should be obligated to pay those fees as well as the appraised value of the vehicle which was a total loss.

Defendant admits that the Policy is an indemnity policy. Nevertheless, "[a]n insurance company is only liable according to the terms and provisions of its contract, and not otherwise." *White v. Ogle*, 67 Ohio App.2d 35, 39 (8th Dist. 1979). Defendant paid Plaintiff for her **loss**, which was limited to the fair market value of her vehicle according to the terms, provisions and limitations of their contract.

**"Actual cash value" interpretation**

Plaintiff admits that her loss exceeded the ACV and that Defendant is only liable to pay the ACV. (Complaint, ECF DKT #1 at ¶ 33). In the Policy, Defendant's liability is limited to Defendant's choice of the least of (a) the ACV of the damaged vehicle or (b) the amount necessary to repair or replace the property. (ECF DKT #1-1, p. 9). This litigation turns on the meaning of ACV in the Policy. The question Plaintiff poses then, is whether the only interpretation that can fairly be placed upon the undefined term "ACV" includes sales tax, transfer fees and registration fees.

In Ohio, actual cash value ("ACV") is "established by *either* the fair market value of the property at the time of the loss *or* the replacement cost of the vehicle less depreciation for age and condition." *Williams-Diggins*, No. 108846, 2020 WL 4516931 at *3; *Asmaro v. Jefferson Ins. Co. of New York*, 62 Ohio App.3d 110, 114 (6th Dist. 1989).

Plaintiff argues that sales tax and transfer fees are reasonably necessary replacement costs. Thus, if Defendant is liable for the ACV, then Defendant owes Plaintiff the amount of the sales tax and transfer fees as part and parcel of the ACV as alternatively defined in Ohio law.

Assuming that the Policy term ACV is undefined and ambiguous; and assuming that the Court must look to the decisions in the Ohio courts as predictors of what the State's highest court would determine, the Court must attempt to apply the alternative meaning of "fair market value" or "replacement cost of the vehicle" as the acceptable construction of the term in the American Family insurance contract.

The inquiry does not end there, however. If a contract term is capable of two interpretations, the Court construes the term against the insurer and in favor of the insured when it is reasonable to do so. *Perry*, 2020 WL 1284960 at *7.

"Fair market value" is "that price which would be agreed upon between a willing seller and a willing buyer in a voluntary sale on the open market," and it does not generally include sales tax and fees. *Williams-Diggins, id*; *Wray v. Stvartak*, 121 Ohio App.3d 462, 471 (8th Dist. 1997). The Ohio "fair market value" principle does not benefit Plaintiff.

Plaintiff was not required to, and did not purchase a replacement vehicle. Yet, Plaintiff concedes that sales taxes and transfer and registration fees are costs associated with a

-8-

replacement vehicle. (Complaint, ECF DKT #1 at ¶ 5, ¶ 46, ¶ 47 and ¶ 48).

If, as Plaintiff would suggest, the Court inserts "replacement cost of the vehicle" in lieu of ACV in Defendant's limitation of liability provision, that construction results in the insurer having the choice between two identical alternatives — that is, a choice of the least of "the replacement cost of the vehicle" or "[t]he amount necessary to repair or replace the property." That is no choice at all. As the court in *Pieczonka v. Progressive Select Insurance Co.*, Case No. 1:19CV 2965, 2020 WL 1930134, *2 (N.D.Ohio Apr. 21, 2020) notes: "[R]eading those fees into the actual cash value would negate any difference between the two [options]."

The Court is not permitted to re-write the parties' contract. "It is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result." *Foster Wheeler Enviresponse*, 78 Ohio St. 3d at 362 The Court must consider the contract as a whole and not read any provision in isolation. *Id.* at 361. The Court's contract interpretation must not result in an absurdity. *Beverage Holdings, LLC,* 159 Ohio St.3d at 197. The Court is prohibited from rendering a contract provision superfluous or meaningless. *Transtar Elec., supra* at ¶ 26.

Because Plaintiff's interpretation renders the limitation of liability clause meaningless and consequently, is unreasonable, the Court cannot construe the Policy in Plaintiff's favor.

With only one fair and rational meaning for ACV in the context of Defendant's limitation of liability, Defendant did not breach the insurance contract by paying Plaintiff's total-loss claim in the amount of the appraised value, less depreciation, but excluding sales tax, transfer fees and registration fees. Defendant did not repair or replace Plaintiff's vehicle,

but chose to pay the amount of the loss — a choice granted Defendant by the parties' contract.

### III. CONCLUSION

In closing, the Court holds as a matter of law that Defendant did not breach the insurance contract. Therefore, the Motion (ECF DKT #13) of Defendant American Family Insurance Company to Dismiss Plaintiff's Class Action Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

**IT IS SO ORDERED.**

**DATE: October 5, 2020**

        s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**